RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/31/05
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JESSIE DRODDY | CIVIL ACTION 3-04-1523 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| KLLM CONSTRUCTION, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment by plaintiff with regard to causation, Doc. #48. Plaintiff argues that "there are no genuine issues of material fact to dispute that plaintiff's injuries were caused and/or aggravated/exasperated (sic) by the accident giving rise to the instant litigation, and mover is entitled to judgment as a matter of law.

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

1

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the

2

elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

The record shows that on September 4, 2003, plaintiff Droddy was a passenger in a 1997 Ford pick-up truck driven by Richard Salard which was stopped for a red light in one of the north-bound lanes of U. S. Hwy 165 in Oakdale Louisiana. In front of Droddy, also stopped for the red light was a 1993 pick-up truck operated by Cody Odum. Plaintiff alleges that an 18 wheeler operated by Berry Gray rear-ended plaintiff's vehicle pushing it into the Odum

vehicle. Suit was filed in state court and removed to this court. A suit was also filed by Cody Odum in this court in the Lake Charles division, Docket number 2:04 CV 1757.

This court previously ruled that the accident was the fault of Gray in rear-ending the stopped Salard vehicle, Docs. 44 and 52.

Plaintiff has filed the affidavits of Doctors Murphy, LeGlue, and Bartholmew in support of his motion. Dr. Murphy attests that, more probably than not, plaintiff's right shoulder injuries were caused by the accident. Dr. LeGlue attests that the accident likely "caused and/or aggravated plaintiff's neck, back, and right shoulder injuries, headaches, depression and difficulty sleeping." Dr. Bartholmew opines that "[i]njuries to his neck, back and shoulder were more probable (sic) than not caused by and/or aggravated by the motor vehicle collision...." Other medical records reflect that plaintiff suffered some injuries in the accident.

Defendant argues that there are genuine issues of material fact as to whether plaintiff's injuries were caused or aggravated by the accident. In support, defendant attaches pages from plaintiff's discovery deposition in which plaintiff testified that he told the investigating police officer immediately after the accident that he was not hurt. However, plaintiff also testified that he knew his neck was hurt because he popped it.

Based on the evidence before the court, it is clear that

plaintiff suffered some injury on account of the accident. However, two of the doctors testified only that the accident caused or aggravated plaintiff's conditions. There is no concensus that the accident caused any of plaintiff's injuries. The only consensus is that some of his conditions were at least aggravated by the accident.

However, it would serve little purpose to grant summary judgment finding the accident aggravated plaintiff's conditions. For such ruling would deprive plaintiff of attempting to show that some conditions were in fact caused by the accident. In addition, evidence would still have to be adduced at trial, and the doctors cross examined, as to the extent and significance of any aggravation.

Therefore, I find that genuine issues of material fact exist as to whether the accident caused or aggravated plaintiff's conditions.

For the foregoing reasons, IT IS RECOMMENDED that the motion for summary judgment filed by Bituminous, Doc. #48, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a

copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 21 day of October 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE